IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-00223-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| $121,675.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ISSAM AHMAD, | ) | |
| | ) | |
| Claimant. | ) | |

This matter comes before the court on the Claimant's Motion to Dismiss [DE 11]. Claimant contends that venue is improper in this district under Rule 12(b)(3) of the Federal Rules of Civil Procedure, and that the operative pleading "fails to sufficiently allege probable cause for the seizure or forfeiture of the funds belonging to the Claimant" pursuant to Rule 12(b)(6). *Id.* The United States opposes the motion, asserting that Claimant fails to support his Rule 12(b)(6) argument and that defendant currency was seized in a different district only because Claimant intentionally avoided this district "where he had previously been stopped by law enforcement and had cash seized from him." DE 14. The government further requests that, if the court finds venue improper, the court transfer venue pursuant to 28 U.S.C. § 1406(a) in lieu of dismissal. *Id.*

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M&R"), recommending that the court deny Claimant's motion on the condition that this court transfer the action to the United States District Court for the Middle District of North Carolina. DE 17. The

United States and Claimant both filed timely objections to the M&R; the government objects solely to Judge Jones' finding that 28 U.S.C. § 1355(b) does not authorize venue in this district. DE 18. Claimant objects to Judge Jones' finding that the "government transporting the defendant currency from the M.D.N.C. to the E.D.N.C. was [ ] a mere technicality," saying "the Court should not give the government a free pass on its venue error, but instead dismiss." DE 22. For the reasons that follow, the court respectfully adopts the M&R in part, finds both jurisdiction and venue proper in this district, and denies the Claimant's motion to dismiss.

I. **Standard of Review**

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

II. **Failure to State a Claim under Rule 12(b)(6)**

The court notes first that, in his objection, Claimant repeats his contention that the "Verified Complaint in the instant matter not only fails to state a claim upon which relief can be granted, but it more importantly fails to sufficiently allege probable cause for the seizure or forfeiture of the funds belonging to Claimant." Obj. ¶ 5, DE 22. Claimant made an identical statement in his motion to dismiss. Mot. ¶ 5, DE 12. Judge Jones concluded that such statement

2

constitutes a "perfunctory and undeveloped argument[], and [an] argument[] . . . unsupported by pertinent authority," which is "deemed waived" and, thus, Judge Jones did not address Claimant's Rule 12(b)(6) contentions. M&R at 3-4, DE 17. Claimant did not object to this ruling and the court, finding no clear error, adopts this portion of the recommendation. *See Diamond*, 416 F.3d at 315.

### III. Improper Venue under Rule 12(b)(3)

Turning to the parties' objections regarding Judge Jones' Rule 12(b)(3) ruling, the United States alleges in the operative Complaint that "[t]he Court has in rem jurisdiction by virtue of 28 U.S.C. § 1355(b)" and "[v]enue in this district is proper by virtue of 28 U.S.C. § 1395(c)." Compl. ¶ 2. The government also alleges that during an investigation of a criminal trafficking organization operating along the east coast of the United States, it identified Claimant as a courier who used the interstate highway system to move controlled substances, contraband cigarettes, and bulk amounts of United States currency between North Carolina and the northeastern United States. Declaration of Matthew Greer, April 24, 2023, at 1-2, DE 1-1. On April 28, 2022, law enforcement observed Claimant drive his Toyota Tundra to the back entrance of a building in Raleigh, North Carolina, where it appeared to be in the process of receiving cargo. *Id.* at 4-5. The city of Raleigh is located in the Eastern District of North Carolina. The next day, April 29, 2022, law enforcement suspected that Claimant had delivered the contraband to the greater New York area and observed Claimant drive southbound into North Carolina toward the city of Greensboro, which is located in the Middle District of North Carolina. *Id.* Orange County Sheriff's deputies stopped the vehicle for traffic violations and a K-9 officer alerted to the odor of narcotics. *Id.* During a search of the vehicle,

officers discovered the defendant currency tucked within a void in the vehicle's tailgate and seized the currency as suspected illicit proceeds. *Id.*

Claimant seeks dismissal of the Complaint, arguing that section 1395(c) is an improper ground on which to establish venue. Memo., DE 12 at 2-4. The United States counters that it properly alleged jurisdiction under 28 U.S.C. § 1355(b), which "expands upon the other venue options available under § 1395 by providing that "[a] forfeiture action or proceeding may be brought in … the district in which any of the acts or omissions giving rise to the forfeiture occurred," which, the United States argues, is the Eastern District of North Carolina. Resp., DE 14 at 6. Judge Jones rejected the United States' argument, finding that the government relies on an out-of-circuit case that has been essentially abrogated by the Fourth Circuit's decision in *United States v. Batato*, 833 F.3d 413, 419-20 (4th Cir. 2016). M&R, DE 17 at 6. The magistrate judge also determined that dismissal is not required under 28 U.S.C. § 1406(a) when the interest of justice counsels a transfer of the action to the proper venue, which, in this case, is the Middle District of North Carolina. *Id.*

When, as here, no evidentiary hearing has been held, the plaintiff need only make a prima facie showing of venue to survive a motion to dismiss for improper venue. *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). "In assessing whether there has been a prima facie venue showing, courts must view the facts in the light most favorable to the plaintiff." *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 366 (4th Cir. 2012) (citing *Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 224 (2d Cir. 2011)). In addition, courts may examine evidence outside the pleadings when addressing Rule 12(b)(3) motions. *Amos v. Amazon Logistics, Inc.*, 74 F.4th 591, 594 n.2 (4th Cir. 2023).

4

In support of its venue allegation, the United States relies on 28 U.S.C. § 1355, which provides, in pertinent part:

> (a) The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.
>
> (b)(1) A forfeiture action or proceeding may be brought in-
>
> (A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or
>
> (B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute.

28 U.S.C. § 1355. Section 1395, which governs venue, provides in pertinent part:

> (a) A civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture may be prosecuted in the district where it accrues or the defendant is found.
>
> (b) A civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found.
>
> (c) A civil proceeding for the forfeiture of property seized outside any judicial district may be prosecuted in any district into which the property is brought.

28 U.S.C. § 1395.[1] The government concedes that it improperly alleged venue under section 1395(c) in the Complaint; however, it contends that venue is proper in this district under section

---

[1] The court agrees with Judge Jones that section 1395(a) does not apply in this case, as it has been historically used to establish venue for *in personam* actions, rather than *in rem* proceedings. M&R, DE 17 at 5 n.1 (citing *United States v. One 1974 Cessna Model 310R Aircraft, Serial No. 310R0203, FAA Registration No. N5083J*, 432 F. Supp. 364, 368 (D.S.C. 1977)); *see also United States v. 51 Pieces of Real Prop. Roswell, N.M.*, 17 F.3d 1306, 1310 n.4 (10th Cir. 1994). Judge Jones also found improper any application of section 1395(c) in this case, simply because there is no dispute that the defendant currency was seized *within* a judicial district. M&R, DE 17 at 5.

5

1355(b)(1)(A), "which, though codified among the jurisdiction-conferring statutes, explicitly expands upon the other venue options available under § 1395." Resp., DE 14 at 6 (citing *United States v. $633,021.67 in U.S. Currency*, 842 F. Supp. 528, 534 (N.D. Ga. 1993)). In its objection to the M&R, the United States contends that it was error for the magistrate judge to interpret the Fourth Circuit's ruling in *Batato* as finding that section 1355 confers jurisdiction only, rather than finding that the statute confers both jurisdiction and venue. Obj. at 4-5, DE 18. This court agrees.

In *Batato*, the court affirmed the district court's conclusion that it had *in rem* jurisdiction over assets seized in Hong Kong and New Zealand pursuant to section 1355(b). 833 F.3d at 418. Relevant here, the Fourth Circuit addressed the claimants' argument that "the statute cited by the district court as establishing its jurisdiction speaks to venue rather than jurisdiction." *Id.* The court rejected a ruling by the Second Circuit, relied on by the claimants, that "Section 1355(b) addresses venue in forfeiture actions." *Id.* at 419 (quoting *United States v. All Funds on Deposit in Any Accounts Maintained in Names of Meza or De Castro* ("*Meza*"), 63 F.3d 148, 152 (2d Cir. 1995)). The *Batato* court "adopted the majority approach" set forth in decisions by "the Third, Ninth, and D.C. Circuits,"[2] and concluded that the "plain meaning of the statutory text and the legislative history both support finding that 28 U.S.C. § 1355(b) is jurisdictional." *Id.* at 419, 420.

---

The United States did not object to these conclusions and, finding no clear error, the court adopts the magistrate judge's findings.

[2] The *Batato* court cites *United States v. All Funds in Account Nos. 747.034/278, 747.009/278, & 747.714/278 in Banco Espanol de Credito, Spain*, 295 F.3d 23, 26 (D.C. Cir. 2002) and *United States v. Approximately $1.67 Million*, 513 F.3d 991, 996 (9th Cir. 2008), but does not cite the Third Circuit case to which it refers. The court believes *Batato* may have intended to reference *Contents of Account Number 03001288 v. United States*, 344 F.3d 399 (3d Cir. 2003), which contains a similar analysis of whether section 1355(b) confers venue for forfeiture actions. *Id.* at 403-04.

6

Here, the United States argues that *Batato* "did not have the occasion to consider whether § 1355(b) confers venue in addition to jurisdiction" and "did not directly address the venue aspect of the analysis." Obj., DE 18 at 5. This court agrees. The question before the Fourth Circuit was whether "the statute cited by the district court as establishing its jurisdiction *speaks to venue rather than jurisdiction*," and the court determined that "[t]he plain meaning of § 1355(d) . . . *renders the* Meza *court's finding that '[s]ection 1355(b) addresses venue' impossible*—courts may acquire jurisdiction by operation of the provision." *Batato*, 833 F.3d at 420. In other words, section 1355(d), by its plain terms,[3] provides that section 1355(b) confers jurisdiction for forfeiture claims.

Judge Jones agrees that the Fourth Circuit in *Batato* found section 1355 to be a jurisdictional statute; however, the magistrate judge interpreted *Batato* to conclude that section 1355 confers *only* jurisdiction, not venue. Respectfully, this court disagrees for the following reasons.

First, the Fourth Circuit did not address any question of whether venue was proper. The issue addressed was whether section 1355 confers *only* venue, as determined in *Meza*, or whether it confers not only venue, but also jurisdiction. If the court were to adopt the theory that section 1355 confers only jurisdiction, then it must rely solely on section 1395 for venue; in so doing, this case would be transferred to a venue at which the defendant currency was seized but which holds no other aspect of this case, including the acts or omissions underlying the charges, any evidence or witnesses concerning the criminal conduct, and the law enforcement personnel who investigated and/or lodged the criminal charges. While the seizure here occurred in a district adjacent to this

---

[3] Section 1355(d) states: *Any court with jurisdiction over a forfeiture action pursuant to subsection (b)* may issue and cause to be served in any other district such process as may be required to bring before the court the property that is the subject of the forfeiture action. 28 U.S.C. § 1355(d) (emphasis added).

7

district, if the currency had been seized in New York or New Jersey, the court cannot fathom that Congress meant for forfeiture parties, along with all of their witnesses and evidence, to be required to travel across several states or, perhaps in some cases, across the country to litigate their claims.

In addition, the court agrees with the United States that any ruling by the Fourth Circuit that section 1355 solely confers jurisdiction "would have the ironic effect of finding jurisdiction only to abolish venue" in *Batato*. Obj., DE 18 at 5 (citing 833 F.3d at 418). In that case, the court affirmed the district court's finding that it had jurisdiction to issue forfeiture orders pursuant to section 1355. *Batato*, 833 F.3d at 420. However, the defendant-claimants and the property at issue were located in either Hong Kong or New Zealand (*id.* at 418); thus, neither the "district where such property is found" nor the "district into which the property is brought" provisions of sections 1395(b) and (c), respectively, would have sufficed to confer venue under the facts presented. This court will not adopt an interpretation of a judicial opinion that creates an inconsistency or contradiction. *Cf. Kelley v. Bohrer*, 93 F.4th 749, 757 (4th Cir. 2024). A logical reading of *Batato* requires that it be interpreted as finding section 1355 confers both jurisdiction and venue.

Further, the United States contends that the plain language of the statute demonstrates that it confers venue by using the "same 'action or proceeding may be brought' language that is found in other venue-conferring statutes." Obj., DE 18 at 5. The Supreme Court instructs that "in all statutory construction cases, [courts] 'assume that the ordinary meaning of [the statutory] language accurately expresses the legislative purpose.'" *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 376 (2013) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010)) (cleaned up). As explained above, the ordinary language of section 1355 provides that "district courts shall have

8

original jurisdiction . . . of any action or proceeding for the recovery or enforcement of any . . . forfeiture . . .," and specifies that "[a] forfeiture action or proceeding *may be brought in*" a district court in a district where the activities giving rise to the forfeiture action occurred or in a district in which venue is proper pursuant to section 1395. 28 U.S.C. § 1355 (emphasis added). Section 1355(b) was *added* after section 1395 had been already in effect due to "confusion" arising from a lack of direction from Congress regarding jurisdiction over certain forfeiture cases, which is cogently explained by the senator who introduced the legislation:

> "Title 28, Section 1355, gives the district courts subject matter jurisdiction over civil forfeiture cases." ... "[V]enue statutes for forfeiture actions provide for venue in the district in which the subject property is located, 28 U.S.C. § 1395, or in the district where a related criminal action is pending, 18 U.S.C. § 981(h)," but "no statute defines when a court has jurisdiction *over the property that is the subject of the suit*."

*Contents of Account Number 03001288*, 344 F.3d at 403-04 (quoting 137 Cong. Rec. S16640, S16642 (1991)) (emphasis in original). The plain language of section 1355 expresses the legislative purpose to clarify that federal district courts have original jurisdiction over forfeiture cases and that venue is proper under both section 1355(b)(1)(A) and the provisions of section 1395 (*see* § 1355(b)(1)(B)).

Finally, this court agrees with the government that a "substantial weight of authority" supports a finding that section 1355 confers both venue and jurisdiction. *See supra* n.2. In fact, in *Contents of Account Number 03001288*, the Third Circuit determined that "[t]hough the District Court concluded that § 1355(b) merely provides for venue, we find that it *also* grants district courts jurisdiction over the property at issue in forfeiture actions based on the plain language of the statute." 344 F.3d at 403 (emphasis added). In this case, the court finds that section 1355 confers

9

both jurisdiction and venue in the Eastern District of North Carolina, in which no party disputes that the alleged acts or omissions giving rise to the forfeiture occurred.

Regarding Claimant's objection, Claimant contends in the present motion that, because the United States, relying on section 1395(c), chose the "wrong" venue in which to bring this action, the case should be dismissed. Judge Jones found that, due to the applicable 90-day statute of limitations, dismissal would bar the government from refiling the action and ruled, "it is in the interest of justice to transfer this action to the Middle District of North Carolina, not punish the Government for a mere technicality." M&R, DE 17 at 7 (citing 28 U.S.C. § 1406(a)). Claimant objects, arguing that "[f]orfeiture statutes must be strictly construed against the government under the rule of lenity, since civil forfeiture is quasi-criminal and punitive (and because forfeiture is disfavored). And thus, the Court should not give the government a free pass on its venue error, but instead dismiss." Obj., DE 22 at 2. Given this court's decision that the United States did not err in relying on section 1355 for jurisdiction and venue in this district, the court finds no basis on which to grant Claimant's motion to dismiss.

One final note: the United States requests in its response to the present motion that the court grant it leave to amend the Complaint "if the court finds any formal defects." DE 14 at 6 n.3. All parties agree that the United States' reference to 28 U.S.C. § 1395(c) in the Complaint as a basis for venue is incorrect. However, the court has found on the facts alleged in the Complaint and the applicable law that jurisdiction and venue are proper in this court, and nothing in the Federal Rules of Civil Procedure requires an amendment to correct the error. *See* Fed. R. Civ. P. 8(a) (requiring short and plan statements of the grounds for the court's jurisdiction and of the claim showing that the pleader is entitled to relief, as well as a demand for the relief sought).

10

## IV. Conclusion

In light of this court's finding that jurisdiction and venue are proper in this district, the Claimant's objection is overruled, the United States' objection is sustained, and the court finds, in accordance with *Batato*, that section 1355 applies to confer jurisdiction on the United States District Courts to preside over *in rem* forfeiture actions and to confer venue for *this* forfeiture action in the Eastern District of North Carolina.

Accordingly, the M&R is ADOPTED IN PART as set forth herein. Claimant's Motion to Dismiss [DE 11] is DENIED, and the case shall proceed in accordance with the Scheduling Order issued by Judge Jones on August 10, 2023.

SO ORDERED this 26th day of March, 2024.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE